# UNITED STATES DISTRIC COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | **CRIMINAL NO.:  13-168-02 (JDB)** |
| | **:** | |
| **v.** | **:** | **VIOLATIONS:** |
| | **:** | |
| **BINH TANG VO,** | **:** | **18 U.S.C. § 371** |
| | **:** | **(Conspiracy)** |
| **Defendant.** | **:** | |
| | **:** | **18 U.S.C. § 201(b)(2)** |
| | **:** | **(Bribery)** |
| | **:** | |
| | **:** | **18 U.S.C. § 1546** |
| | **:** | **(Fraud and Misuse of Visas)** |
| | **:** | |
| | **:** | **18 U.S.C. § 2** |
| | **:** | **(Aiding and Abetting and Causing an Act** |
| | **:** | **to be Done)** |
| | **:** | |
| | **:** | **18 U.S.C. § 1956(h)** |
| | **:** | **(Money Laundering Conspiracy)** |
| | **:** | |
| | **:** | **CRIMINAL FORFEITURE:** |
| | **:** | |
| | **:** | **18 U.S.C. § 981(a)(1)(C);** |
| | **:** | **18 U.S.C. § 982(a);** |
| | **:** | **28 U.S.C. § 2461(c);** |
| | **:** | **21 U.S.C. § 853(p)** |

## <u>INFORMATION</u>

The United States Attorney for the District of Columbia charges:

## <u>COUNT ONE</u>

At times material to this Information:

<u>General Allegations Concerning the Defendant and the Visa Application Process</u>

1.      The United States Consulate in Vietnam was located in Ho Chi Minh City (hereinafter "the Consulate").

2.      Michael T. Sestak ("SESTAK") was a United States citizen.  SESTAK worked as a U.S. Foreign Service Consular Officer for the United States Department of State.  Between August 2010 and September 2012, SESTAK was stationed at the United States Consulate in Ho Chi Minh City, Vietnam, where he was Chief of the Consulate's Non-Immigrant Visa  ("NIV") Unit.

3.      Defendant Binh Vo ("BINH VO") was a U.S. citizen and resident of Vietnam.  BINH VO was the General Director of the Vietnam office of an international company.

4.       Anhdao T. Nguyen, also known as Alice Nguyen, also known as Anhdao Thuy Vo, also known as Thuy Anh Dao Nguyen, also known as Anhdao Thuy Nguyen, also known as Dao Thuy Anh Nguyen ("ALICE NGUYEN"), was a citizen and resident of Vietnam.  ALICE NGUYEN was the wife of defendant BINH VO.

5.      Hong Chau Vo ("HONG VO") was a United States citizen and resided in Vietnam.  HONG VO was the sister of defendant BINH VO.

6.      Truc Thanh Huynh ("TRUC HUYNH") was a resident and citizen of Vietnam.  HUYNH was the cousin of defendant BINH VO and HONG VO.

7.      All non-immigrant visa applications received at the Consulate were submitted electronically via the Department of State's Consular Electronic Application Center ("CEAC").  The Internet Protocol ("IP") address from which an applicant accessed the CEAC was captured and retained both at the time an application was first created, and at the time the application was

submitted.

8.      HONG VO was the subscriber of a Virtual Private Network ("VPN") serviced by a company located in California (hereinafter "HONG VO IP Address").

9.      IP address 118.69.37.10 was registered to an Internet Service Provider in Vietnam.  This IP address was associated with defendant BINH VO's employer in Vietnam (hereinafter "BINH VO IP Address").

10.      IP address 113.161.71.157 was registered to an Internet Service Provider in Vietnam.  This IP address was associated with ALICE NGUYEN's family home in Vietnam (hereinafter "NGUYEN FAMILY HOME IP Address").

<u>The Conspiracy</u>

11.      From at least in or around February 2012, continuing through at least in or around December 2012, SESTAK, BINH VO, ALICE NGUYEN, HONG VO, and TRUC HUYNH, did knowingly combine, conspire, confederate, and agree, together and with persons whose identities are known and unknown, to commit offenses against the United States, that is, bribery of a public official, in violation of 18 U.S.C. Section 201(b)(2), and visa fraud, in violation of  18 U.S.C. Section 1546(a), and to defraud the United States Government by interfering with and obstructing a lawful government function, that is, the unbiased and disinterested issuance of visas by the Department of State to non-United States citizens, by deceit, craft, trickery, and dishonest means, in violation of Title 18, United States Code, Section 371.

<u>Object of the Conspiracy</u>

12.      The objects of the conspiracy were to obtain money in exchange for facilitating the approval of non-immigrant visas from Vietnam to the United States through the U.S.

Consulate in Ho Chi Minh City, and to conceal the existence and source of the proceeds of the conspiracy.

<u>Manner and Means Used to Accomplish the Objects of the Conspiracy</u>

13.     The manner and means by which the defendant and other co-conspirators sought to accomplish the object of the conspiracy included, among others, the following:

a.     SESTAK and defendant BINH VO agreed to obtain fees from foreign nationals in Vietnam in exchange for facilitating the approval of non-immigrant visas to the United States through the Consulate, where SESTAK was Chief of the Consulate's NIV Unit.

b.     Defendant BINH VO, HONG VO, and other conspirators known and unknown to the Government, referred to the visa bribery scheme as the "David Visa business," the "DV business," the "DV biz," or "DV."

c.     Defendant BINH VO informed SESTAK of the identity of each foreign national who had agreed to pay money in exchange for obtaining a visa, before the foreign national appeared at the Consulate for a visa interview.

d.     SESTAK attempted to review the visa application and conduct the personal interview of each foreign national who had agreed to pay money in exchange for obtaining a visa.

e.     SESTAK attempted to issue a visa to each foreign national who had agreed to pay for obtaining a visa, and he did so irrespective of whether he knew the information presented by the foreign national in the visa application and during the visa interview was true, and irrespective of whether he knew the foreign national was, in fact, entitled under United States law to be issued a visa.

4

      f.    Defendant BINH VO and TRUC HUYNH, and other conspirators known and unknown to the Government, collected the visa applicants' payments, which were made in Vietnam and the United States.

      g.    Between February 2012 and September 2012, defendant BINH VO and HONG VO, and other conspirators known and unknown to the Government, created or submitted approximately 425 visa applications for approximately 419 applicants, from the HONG VO IP Address and the BINH VO IP Address.  SESTAK caused visas to be approved for approximately 410 of those visa applicants.

      h.    Between February 2012 and September 2012, defendant BINH VO and ALICE NGUYEN, and other conspirators known and unknown to the Government, submitted approximately 80 visa applications from the NGUYEN FAMILY HOME IP Address, and caused approximately 79 of those visa applicants to receive visas.

      i.    Defendant BINH VO, ALICE NGUYEN, and HONG VO, and other conspirators known and unknown to the Government, advertised the visa scheme by creating a website, www.visa-my.com, to attract visa customers, and by spreading word through emails and phone calls that advertised the visa scheme.

      j.    Defendant BINH VO, ALICE NGUYEN, HONG VO, and TRUC HUYNH received biographical information and photographs for visa customers by email and other means and used the information to prepare electronic visa applications.

      k.    Defendant BINH VO, SESTAK, HONG VO, and TRUC HUYNH, and other conspirators known and unknown to the Government, used secret email accounts and code names to conduct the business of the visa scheme and to conceal their identities.

l.      Defendant BINH VO, SESTAK and ALICE NGUYEN concealed the source of the proceeds and the existence of the scheme by transferring the money out of Vietnam into bank accounts in China, the United States, and Thailand, and into real property in Thailand.

<u>Overt Acts</u>

14.      In furtherance of the above-described conspiracy, and in order to carry out the objects thereof, defendant BINH VO, SESTAK, ALICE NGUYEN, HONG VO, and TRUC HUYNH, and others known and unknown to the Government committed or caused to be committed, in the District of Columbia and elsewhere, at least one of the following overt acts, among others:

a.      On or about February 6, 2012, a co-conspirator known to the Government registered the domain name www.visa-my.com.

b.      On or about March 12, 2012, during an electronic chat, defendant BINH VO and ALICE NGUYEN had the following exchange:

> BINH VO: J said that lady should've been 20Gs.....
> ALICE NGUYEN: then should we require the lady in Long Thanh?
> ALICE NGUYEN: 'cause she's been denied before too
> BINH VO: deny scenario is different from going over there a few times already and then come back here and then got denied
> ALICE NGUYEN: As long as J is ok with it
> BINH VO: yeah, he's just sharing the degree of difficulties for different cases … Basically, we don't care, as long as he's willing to do them at whatever rates he indicate[s].

c.      On or about April 9, 2012, during an electronic chat, defendant BINH VO asked  HONG VO for her bank account information, and stated, "just in case I need people to transfer money into your account so that you can keep the cash there for me";  HONG VO provided her bank account information to BINH VO.

       d.     On or about April 9, 2012, during an electronic chat, defendant BINH VO stated to a person known to the Government, "will you transfer the cash from my bank to yours? I might have someone who would like to pay in the US, and if so, I will have that person transfer money to your bank account."  BINH VO also stated, "you should open a USD account at Vietcombank to be safe as HSBC can be checked by US gov't."

       e.     On or about May 28, 2012, SESTAK opened a bank account at the Siam Commercial Bank PLC located in Bangkok, Thailand.

       f.     On or about May 29, 2012, during an electronic chat, HONG VO was asked by a person known to the Government, "has binh asked you to start filling out immigration forms for him," to which HONG VO responded, "I did some last week."  HONG VO's sibling responded, "yeah, I told him to ask you since you are good at it now."

       g.     On or about June 2, 2012, SESTAK sent an email from his email account, mtsestak@aol.com, to the email account of a person with whom he was corresponding about purchasing property in Thailand, "We are still having trouble finding a way to transfer my money out of Vietnam. . . .  There is another option, but we would have to pay a 25% corporate earnings tax to transfer, which is too high.  Do you have any suggestions?  It is frustrating to not be able to transfer my money . . . I feel trapped in Vietnam!"

       h.     On or about June 28, 2012, during an electronic chat, defendant BINH VO told a person known to the Government that TRUC HUYNH was his "runner now and deals w/ all the agents, etc., and I specifically told her not to tell ANYONE.  I got her a US visa also already."  During the same electronic chat, BINH VO instructed his sibling to have any contacts "call Truc and say who refer.  Her name is Thanh.  Truc = Thanh.  We all have different names,"

and BINH VO further stated, "Price is 50-70 depending on the case. . . they can pay either in the USA or VN."

        i.     On or about July 2, 2012, an email that contained as an attachment a scan of a biographical page from a passport, which included a "head shot" photograph, was sent from an unknown person's email account to an email account of ALICE NGUYEN, dao.ta.nguyen@gmail.com.

        j.     On or about July 25, 2012, SESTAK approved a visa application for D.T.Q.N. that was submitted to the Consulate on or about July 24, 2012 from the HONG VO IP Address, and which included the same "head shot" photograph which was sent to ALICE NGUYEN's email account, dao.ta.nguyen@gmail.com, on or about July 2, 2013.

        k.     On or about July 7, 2012, during an electronic chat, HONG VO engaged in the following exchange with an acquaintance:

> [HONG VO]: did you get my email?
> [HONG VO]: the people who have no chance in going to the US…or have been rejected… is the target
> [Acquaintance]: i have not check[ed] it out yet.
> [HONG VO]: $50k is the base.
> [HONG VO]: can't go any lower
> [Acquaintance]: i give 10 poeple [sic] your cell #
> [HONG VO]: okay
> [HONG VO]: next tiem [sic] you collect their numbers
> [Acquaintance]: so they should be calling u
> [HONG VO]: and give it to me okay?
> [Acquaintance]: i started yesterday
> [HONG VO]: bc I can't be directly involved… scared.
> [HONG VO]: lol okay. next time collect their nu[m]bers and names
> [HONG VO]: and send to me
> [HONG VO]: and i will have someone else call and talk to them
> . . .
> [HONG VO]: but this has to be kept downlow
> [HONG VO]: can't have everyone talking about it
> [HONG VO]: so make sure the people ur talking to… they have to be careful

l.       On or about August 1, 2012, during an electronic chat, defendant BINH

VO stated to ALICE NGUYEN, "we need to spread out the cash to many banks and locations to

be safe."  ALICE NGUYEN then stated, "let me check with them to see if it's ok to have it under

just your name," to which BINH VO responded, "no . . . no . . . no . . . I don't want to open a

western bank account w/ my name."

m.       On or about August 6, 2012, TRUC HUYNH sent an email from her email

account, ThanhNguyen896@gmail.com, to an unknown person's email account.  The email

contained as an attachment a document that included the following sample visa interview

questions and answers, written in Vietnamese:

> Question:  Have you ever traveled to a foreign country before?
> Answer: I have
> Question: What country have you traveled to?
> Answer:  I have been to Australia
> Question: Why is it not on your passport?
> Answer: Because my passport had expired, I changed to a new passport therefore I did not bring it with me.
> Question: What year did you travel?
> Answer: I went in 2011

n.       On or about August 29, 2012, a co-conspirator known to the Government

sent an email from the email account titi_8667@yahoo.com.vn, to ALICE NGUYEN's email

account, dao.ta.nguyen@gmail.com, containing three PDF attachments of bank transfer

statements reflecting money transfers of $360,000 dollars, $400,000 dollars, and $500,000

dollars to  SESTAK at the Siam Commercial Bank in Thailand, all of which funds represented

proceeds of the visa fraud scheme.

o.       On or about August 31, 2012, an international money transfer from China

of approximately $499,000, representing proceeds from the visa fraud scheme, was made to a

Wells Fargo account XXXXXX9964 opened by ALICE NGUYEN ("ALICE NGUYEN's Wells Fargo Account").

           p.      On or about October 25, 2012, SESTAK sent an email from one of his email accounts, miskowazjii@gmail.com, in which he referred to defendant BINH VO as his "business partner."

           q.      On or about November 1, 2012, ALICE NGUYEN transferred $100,000 from ALICE NGUYEN's Wells Fargo Account to Scottrade account 58490015 ("ALICE NGUYEN's Scottrade Account"), and $100,000 from ALICE NGUYEN's Wells Fargo Account to defendant BINH VO's Scottrade account number XXXX256 ("BINH VO's Scottrade Account") as part of an effort to conceal the source of the proceeds and existence of the visa fraud scheme.

           r.      On or about December 11, 2012, SESTAK made a payment by check from his Thailand bank account for approximately $234,000 towards the purchase of a condominium in Thailand, as part of an effort to conceal the source of the proceeds and existence of the visa fraud scheme.

<u>Transactions Related to A.T.H.D. and Q.T.N.T.</u>

           s.      On or about March 11, 2012, a visa application was submitted to the Consulate for A.T.H.D. from the BINH VO IP Address and listed Person 1 as the U.S. point of contact and an address in Harrisburg, Pennsylvania, as the U.S. destination.

           t.      On or about March 12, 2012, SESTAK issued a visa to A.T.H.D.

           u.      On or about March 14, 2012, a $26,000 money transfer was made from the Fulton Bank account of Person 2, the sibling of Person 1, to defendant BINH VO's J.P. Morgan

Chase bank account.

          v.        On or about March 21, 2012, a visa application was submitted to the Consulate for Q.T.N.T. from the BINH VO IP Address and listed Person 1 as the U.S. point of contact and an address in Harrisburg, Pennsylvania, as the U.S. destination.

          w.        On or about March 22, 2012, SESTAK issued a visa to Q.T.N.T.

<u>Transaction Related to T.T.V.</u>

          x.        On or about April 16, 2012, a visa application was submitted to the Consulate for T.T.V. from the BINH VO IP Address.

          y.        On or about April 22, 2012, the Consulate sent an electronic confirmation of an expedited visa appointment for T.T.V. to the email account Lieu.Singer@yahoo.com, an email account whose address and apparent password were stored in an email account of defendant BINH VO, Binh.T.Vo@gmail.com.

          z.        On or about April 23, 2012, SESTAK issued a visa to T.T.V.

<u>Transactions Related to T.T.M.L. and N.T.M.L.</u>

          aa.      On or about May 21, 2012, a $35,000 money transfer was made from the Sun Trust Bank account of Person 3 to ALICE NGUYEN's Wells Fargo Account.

          bb.      On or about May 21, 2012, a visa application was submitted to the Consulate for T.T.M.L and listed Person 3 as T.T.M.L.'s U.S. point of contact and Person 3's work address as the U.S. destination.

          cc.      On or about May 22, 2012, SESTAK issued a visa to T.T.M.L.

          dd.      On or about May 22, 2012, a visa application was submitted to the Consulate for N.T.M.L. from the HONG VO IP Address and listed Person 3 as N.T.M.L.'s U.S.

11

point of contact and Person 3's work address as the U.S. destination.

   ee.  On or about May 23, 2012, SESTAK issued a visa to N.T.M.L.

<u>Transactions Related to K.M.T. and T.T.N.</u>

   ff.  On or about May 21, 2012, a visa application was submitted to the Consulate for K.M.T. from the HONG VO IP Address and listed an address in Hawaii as the destination address (hereinafter "Hawaii Address"); Person 4, Person 5, and Person 6 were all associated with the Hawaii Address or with residents of the Hawaii Address.

   gg.  On or about May 21, 2012, Person 4, who lived at the Hawaii Address, transferred $45,000 from a Bank of Hawaii account to ALICE NGUYEN's Wells Fargo Account.

   hh.  On or about May 22, 2012, Person 5 transferred $20,000 from a Bank of Hawaii account to ALICE NGUYEN's Wells Fargo Account.

   ii.  On or about May 22, 2012, Person 6 transferred $15,000 from a Wells Fargo account to ALICE NGUYEN's Wells Fargo Account.

   jj.  On or about May 22, 2012, SESTAK issued a visa to K.M.T.

   kk.  On or about May 23, 2012, a visa application was submitted to the Consulate for T.T.N. and listed the destination address as the Hawaii Address.

   ll.  On or about May 23, 2012, SESTAK issued a visa to T.T.N.

<u>Transaction Related to T.V.P.</u>

   mm.  On or about May 22, 2012, a $20,000 money transfer was made from Person 7's Bank of Hawaii account to ALICE NGUYEN's Wells Fargo Account.

   nn.  On or about May 30, 2012, a visa application was submitted to the Consulate for T.V.P. from the BINH VO IP Address and listed Person 7 as the U.S. point of

contact.

      oo.     On or about May 31, 2012, SESTAK issued a visa to T.V.P.

Transaction Related to T.T.K.H.

      pp.     On or about June 23, 2012, TRUC HUYNH sent two emails from her account, ThanhNguyen896@gmail.com, to an email account of defendant BINH VO, Tinale83@yahoo.com, containing a "head shot" photograph attachment and biographical information for T.T.K.H., an individual who had submitted five prior NIV applications to the Consulate in 2010, all of which were denied.

      qq.     On or about June 24, 2012, a visa application was submitted to the Consulate for T.T.K.H. from the HONG VO IP Address, which included the same photograph and biographical information that were sent from the email account of TRUC HUYNH to the email account of defendant BINH VO on or about June 23, 2012.

      rr.     On or about June 26, 2012, SESTAK issued a visa to T.T.K.H.

Transaction Related to N.T.X.P.

      ss.     On or about July 7, 2012, and July 11, 2012, TRUC HUYNH sent two emails from her email account, ThanhNguyen896@gmail.com, to an email account of defendant BINH VO, Tinale83@yahoo.com, containing "head shot" photograph attachments and biographical information for N.T.X.P., an individual who submitted three prior NIV applications to the Consulate in 2008, all of which were denied.

      tt.     On or about July 12, 2012, a visa application was submitted to the Consulate for N.T.X.P. from the HONG VO IP Address, which included the same photograph and biographical information that were sent from the email account of TRUC HUYNH to the email account of defendant BINH VO on or about July 7, 2012.

13

uu.     On or about July 13, 2012, SESTAK issued a visa to N.T.X.P.

Transaction Related to T.T.T.

vv.     On or about August 16, 2012, TRUC HUYNH sent two emails from her email account, ThanhNguyen896@gmail.com, to the email account of defendant BINH VO, Tinale83@yahoo.com, containing "head shot" photograph attachments and biographical information for T.T.T., an individual who submitted six prior NIV applications to the Consulate from 2008 through 2011, all of which were denied.

ww.     On or about August 16, 2012, a visa application was submitted to the Consulate for T.T.T. from the BINH VO IP Address, which included the same photograph and biographical information that were sent from the email account of TRUC HUYNH to the email account of defendant BINH VO on or about August 16, 2012.

xx.     On or about August 17, 2012, SESTAK issued a visa to T.T.T.

Transaction Related to C.T.K.N.

yy.     On or about August 24, 2012, TRUC HUYNH sent an email from her email account, ThanhNguyen896@gmail.com, to the email account of defendant BINH VO, Tinale83@yahoo.com, containing  a "head shot" photograph and biographical information for C.T.K.N., an individual whose prior NIV application was denied in 2007 on the basis of a finding of fraud.

zz.     On or about August 26, 2012, a visa application was submitted to the Consulate for C.T.K.N. from the HONG VO IP Address, which included the same photograph and biographical information that were sent from the email account of TRUC HUYNH to the email account of defendant BINH VO on or about August 24, 2012.

14

aaa.    On or about August 28, 2012, SESTAK interviewed and issued a visa to C.T.K.N.; in the case notes field of a Consular database, SESTAK did not mention that a "hit" had appeared in the system to alert him to the prior fraud for C.T.K.N.

Transaction Related to Q.V.

bbb.    On or about September 3, 2012, a visa application was submitted from the HONG VO IP Address to the Consulate for Q.V., an individual who had previously submitted a NIV application to the Consulate on or about August 28, 2012, which application was denied on or about August 29, 2012.

ccc.    Six days later, on or about September 4, 2012, SESTAK interviewed and issued a visa to Q.V.; in the case notes field of a Consular database, SESTAK failed to mention Q.V.'s recent prior NIV refusal.

(**Conspiracy to Commit Offenses Against the United States and to Defraud the United States**, in violation of Title 18, United States Code, Section 371).

## COUNTS TWO THROUGH FOURTEEN

### (Bribery)

1.    The United States Attorney realleges and incorporates by reference as if fully stated herein paragraphs 1 through 10 of Count One of this Information.

2.    On or about the following dates, and with respect to the following visa applicants, in Vietnam, MICHAEL T. SESTAK, being a public official, and defendant BINH TANG VO, ANHDAO T. NGUYEN, also known as Alice Nguyen, also known as Anhdao Thuy Vo, also known as Thuy Anh Dao Nguyen, also known as Anhdao Thuy Nguyen, also known as Dao Thuy Anh Nguyen, HONG CHAU VO, and TRUC THANH HUYNH, and others known and unknown, did directly and indirectly, corruptly demand, seek, receive, accept, and agree to

15

receive and accept, things of value – that is, cash – in return for:  (a) being influenced in the

performance of an official act; (b) being influenced to commit and aid in committing, and

colluding in and allowing, a fraud, and make opportunity for the commission of a fraud, on the

United States; and (c) being induced to do and omit to do an act in violation of SESTAK's

official duty; such official act and official duty being the issuance of United States nonimmigrant

visas, and such influence, fraud, and violation being the issuance of fraudulently-obtained visas

to visa applicants in exchange for cash:

| COUNT | APPLICANT | DATE |
|:-----:|:---------:|:-----|
| 2 | A.T.H.D. | March 12, 2012 |
| 3 | Q.T.N.T. | March 22, 2012 |
| 4 | T.T.V. | April 23, 2012 |
| 5 | T.T.M.L. | May 22, 2012 |
| 6 | N.T.M.L. | May 23, 2012 |
| 7 | K.M.T. | May 22, 2012 |
| 8 | T.T.N. | May 23, 2012 |
| 9 | T.V.P. | May 31, 2012 |
| 10 | T.T.K.H. | June 26, 2012 |
| 11 | N.T.X.P. | July 13, 2012 |
| 12 | T.T.T. | August 17, 2012 |
| 13 | C.T.K.N. | August 28, 2012 |
| 14 | Q.V. | September 4, 2012 |

(**Bribery**, in violation of Title 18, United States Code, Section 201(b)(2), and **Aiding and Abetting**, in violation of Title 18, United States Code, Section 2)

16

## COUNTS FIFTEEN THROUGH TWENTY-SEVEN

### (Visa Fraud)

1.      The United States Attorney realleges and incorporates by reference as if fully stated herein paragraphs 1 through 10 of Count One of this Information.

2.      On or about the following dates, and with respect to the following visa applicants, in Vietnam, MICHAEL T. SESTAK, defendant BINH TANG VO, ANHDAO T. NGUYEN, also known as Alice Nguyen, also known as Anhdao Thuy Vo, also known as Thuy Anh Dao Nguyen, also known as Anhdao Thuy Nguyen, also known as Dao Thuy Anh Nguyen, HONG CHAU VO, and TRUC THANH HUYNH, and others known and unknown, did knowingly utter, use, attempt to use, possess, obtain, accept, and receive a United States nonimmigrant visa, knowing it to have been procured by means of a false claim or statement and to have been otherwise procured by fraud and unlawfully obtained:

| COUNT | APPLICANT | DATE |
|-------|-----------|------|
| 15 | A.T.H.D. | March 12, 2012 |
| 16 | Q.T.N.T. | March 22, 2012 |
| 17 | T.T.V. | April 23, 2012 |
| 18 | T.T.M.L. | May 22, 2012 |
| 19 | N.T.M.L. | May 23, 2012 |
| 20 | K.M.T. | May 22, 2012 |
| 21 | T.T.N. | May 23, 2012 |
| 22 | T.V.P. | May 31, 2012 |
| 23 | T.T.K.H. | June 26, 2012 |

| 24 | N.T.X.P. | July 13, 2012 |
| 25 | T.T.T. | August 17, 2012 |
| 26 | C.T.K.N. | August 28, 2012 |
| 27 | Q.V. | September 4, 2012 |

(**Fraud and Misuse of Visas, Permits, and Other Documents**, in violation of Title 18, United States Code, Section 1546, and **Aiding and Abetting**, in violation of Title 18, United States Code, Section 2)

## <u>COUNT TWENTY-EIGHT</u>

### (Money Laundering Conspiracy)

1.      The United States Attorney realleges and incorporates by reference as if fully stated herein paragraphs 1 through 10 and 12 through 14 of Count One of this Information.

<u>The Conspiracy</u>

2.      From at least in or around February 2012, continuing through at least in or around December 2012, within the extraterritorial jurisdiction of the United States and elsewhere, defendant BIHN TANG VO did knowingly combine, conspire, confederate and agree together and with other persons both known and unknown to the government, to violate:

a.      Title 18, United States Code, Section 1956(a)(1)(B)(i), by conducting and attempting to conduct financial transactions affecting interstate commerce, that is, the deposits and withdrawals of funds from bank accounts, which involved the proceeds of specified unlawful activity, that is, conspiracy to commit bribery of a public official, conspiracy to commit visa fraud, bribery of a public official, and visa fraud, knowing that the property involved in these financial transactions represented the proceeds of some form of unlawful activity, and knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the

location, the source, the ownership, and the control of the proceeds of specified unlawful activity; and

   b. Title 18, United States Code, Section 1956(a)(2)(B)(i), by knowingly transporting, transmitting, transferring, and attempting to transport, transmit, transfer monetary instruments and funds from a place outside the United States, that is China and elsewhere, to a place in the United States, knowing that the monetary instruments and funds involved in the transportation, transmission, transfer, and attempt to transport, transmit, and transfer represented the proceeds of some form of unlawful activity and knowing that such transportation, transmission, transfer, and attempt to transport, transmit, and transfer was designed in whole or in part to conceal and disguise the nature, location, source, ownership, control of the proceeds of specified unlawful activity, that is, conspiracy to commit bribery of a public official, conspiracy to commit visa fraud, bribery of a public official, and visa fraud; and

   c. Title 18, United States Code, Section 1957, by knowingly engaging and attempting to engage, in monetary transactions by, through or to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is, conspiracy to commit bribery of a public official, conspiracy to commit visa fraud, bribery of a public official and visa fraud;

   all in violation of Title 18, United States Code, Sections 1956(h) and 1957.

<u>Object of the Conspiracy</u>

3.     The object of the conspiracy was to conceal the existence and source of proceeds of specified unlawful activity, that is, conspiracy to commit bribery of a public official, conspiracy to commit visa fraud, bribery of a public official, and visa fraud.

<u>Manner and Means Used to Accomplish the Objects of the Conspiracy</u>

4.     Defendant BINH VO and other conspirators known and unknown to the Government received payment for at least 485 non-immigrant visas SESTAK caused to be approved.

5.     Defendant BINH VO and other conspirators known and unknown to the Government concealed the source of the proceeds and the existence of the underlying conspiracy to commit bribery of a public official, conspiracy to commit visa fraud, bribery of a public official, and visa fraud by transferring the proceeds out of Vietnam into bank accounts in China, the United States, and Thailand, and into real property in Thailand.

6.     Defendant BINH VO and other conspirators known and unknown to the Government concealed the source of the proceeds and the existence of the underlying conspiracy to commit bribery of a public official, conspiracy to commit visa fraud, bribery of a public official, and visa fraud by transferring the proceeds between accounts in the United States.

<u>Overt Acts</u>

7.     In furtherance of the above-described conspiracy, and in order to carry out the objects thereof, defendant BINH VO, SESTAK, ALICE NGUYEN, HONG VO, TRUC HUYNH, and others known and unknown to the Government committed or caused to be committed, in the District of Columbia and elsewhere, at least one of the following overt acts, among others:

20

a.      The conspirators agreed that payment for non-immigrant visas provided by SESTAK would be transferred into ALICE NGUYEN's Wells Fargo Account by associates or relatives of individuals to whom SESTAK issued non-immigrant visas.

b.      The conspirators agreed to transfer the proceeds of specified unlawful activity, that is, bribery of a public official, and visa fraud, through China and other locations outside of the United States into SESTAK's bank account at Siam Commercial Bank in Thailand.

c.      On or about the dates listed below, defendant BINH VO directed the transfer of proceeds of specified unlawful activity, that is, conspiracy to commit bribery of a public official, conspiracy to commit visa fraud, bribery of a public official, and visa fraud, into SESTAK's account at Siam Commercial Bank in Thailand.

| Date | Amount (Thai Baht) | Amount (USD) | Sending Bank |
|------|--------------------|--------------|--------------|
| 6/20/2012 | ฿ 1,567,509.45 | $ 49,975.00 | Bank of China |
| 6/20/2012 | ฿ 1,567,195.75 | $ 49,975.00 | Bank of China |
| 6/26/2012 | ฿ 1,586,186.25 | $ 49,975.00 | Bank of China |
| 6/26/2012 | ฿ 1,586,186.25 | $ 49,975.00 | Bank of China |
| 6/26/2012 | ฿ 1,586,186.25 | $ 49,975.00 | Bank of China |
| 6/28/2012 | ฿ 4,766,835.56 | $ 149,964.00 | Bank of China Hong Kong LTD |
| 7/3/2012 | ฿ 1,571,693.50 | $ 49,975.00 | Bank of China |
| 7/3/2012 | ฿ 1,571,693.50 | $ 49,975.00 | Bank of China |
| 7/3/2012 | ฿ 1,571,693.50 | $ 49,975.00 | Bank of China |
| 7/3/2012 | ฿ 1,570,194.25 | $ 49,975.00 | Bank of China |
| 7/3/2012 | ฿ 1,570,194.25 | $ 49,975.00 | Bank of China |
| 7/4/2012 | ฿ 1,565,196.75 | $ 49,975.00 | Bank of China |
| 7/5/2012 | ฿ 12,586,284.14 | $ 399,962.00 | DBS Bank - Singapore |
| 7/16/2012 | ฿ 629,018.29 | $ 19,914.09 | Postal Savings Bank of China |
| 7/17/2012 | ฿ 1,573,192.75 | $ 49,975.00 | Bank of China |
| 7/17/2012 | ฿ 1,573,192.75 | $ 49,975.00 | Bank of China |
| 7/17/2012 | ฿ 1,573,192.75 | $ 49,975.00 | Bank of China |

| Date | Amount (Thai Baht) | Amount (USD) | Sending Bank |
|---|---|---|---|
| 7/31/2012 | ฿ 11,016,220.80 | $ 349,960.00 | Cambodia Asia Bank |
| 8/30/2012 | ฿ 12,518,384.50 | $ 399,965.00 | Standard Chartered Bank |
| 8/30/2012 | ฿ 11,266,418.62 | $ 359,966.09 | Bank of China Hong Kong LTD |
| 8/31/2012 | ฿ 6,258,110.63 | $ 199,956.25 | Bank of China Hong Kong LTD |
| 9/6/2012 | ฿ 1,556,201.25 | $ 49,975.00 | Bank of China |
| 9/7/2012 | ฿ 1,556,701.00 | $ 49,975.00 | Bank of China |
| 9/7/2012 | ฿ 1,556,701.00 | $ 49,975.00 | Bank of China |
| 9/7/2012 | ฿ 1,556,701.00 | $ 49,975.00 | Bank of China |
| 9/10/2012 | ฿ 1,548,705.00 | $ 49,975.00 | Bank of China |
| 9/10/2012 | ฿ 1,548,705.00 | $ 49,975.00 | Bank of China |
| 9/10/2012 | ฿ 1,548,705.00 | $ 49,975.00 | Bank of China |
| 9/10/2012 | ฿ 1,547,705.50 | $ 49,975.00 | Bank of China |
| 9/10/2012 | ฿ 1,547,705.50 | $ 49,975.00 | Bank of China |
| 9/11/2012 | ฿ 1,549,204.75 | $ 49,975.00 | Bank of China |
| 9/11/2012 | ฿ 619,028.79 | $ 19,979.00 | China Postal Savings |
| 9/11/2012 | ฿ 1,549,204.75 | $ 49,975.00 | Bank of China |
| 9/11/2012 | ฿ 1,549,204.75 | $ 49,975.00 | Bank of China |
| 9/12/2012 | ฿ 1,236,706.25 | $ 39,975.00 | Bank of China |
| **Total** | | **$ 3,238,991.43** | |

d.      The conspirators agreed to move a portion of the proceeds of specified unlawful activity, that is, conspiracy to commit bribery of a public official, conspiracy to commit visa fraud, bribery of a public official and visa fraud, to an account in the United States for the benefit of SESTAK's sibling.  On or about August 17, 2012, three wire transfers in the amount of $50,000 each were sent from Banks in China to an account at the Amegy Bank of Texas.  On or about August 23, 2012, a $150,000 check written on the Amegy Bank of Texas account was deposited into Wells Fargo Bank Account XXXX9153, an account owned by SESTAK's sibling.

e.      The conspirators agreed to transfer the proceeds of specified unlawful activity, that is, conspiracy to commit bribery of a public official, conspiracy to commit visa

fraud, bribery of a public official and visa fraud, through China and other locations outside of the United States into ALICE NGUYEN's Wells Fargo Account in the United States.

       f.     On or about the dates listed below, defendant BINH VO directed the transfer of these proceeds through China into ALICE NGUYEN's Wells Fargo Account in the United States.

| Date of Transfer | Amount of Wire Transfer | Originating Bank |
|---|---|---|
| 7/10/2012 | $ 49,985.00 | Bank of China |
| 7/10/2012 | $ 49,985.00 | Bank of China |
| 7/11/2012 | $ 49,985.00 | Bank of China |
| 7/11/2012 | $ 49,985.00 | Bank of China |
| 8/31/2012 | $ 49,985.00 | Bank of China |
| 8/31/2012 | $ 499,966.09 | Bank of China |
| 9/4/2012 | $ 49,985.00 | Bank of China |
| 9/4/2012 | $ 49,985.00 | Bank of China |
| 9/4/2012 | $ 49,985.00 | Bank of China |
| 9/4/2012 | $ 49,985.00 | Bank of China |
| 9/4/2012 | $ 49,985.00 | Bank of China |
| 9/4/2012 | $ 49,985.00 | Bank of China |
| 9/4/2012 | $ 49,985.00 | Bank of China |
| 9/4/2012 | $ 49,985.00 | Bank of China |
| 9/4/2012 | $ 49,985.00 | Bank of China |
| 9/4/2012 | $ 49,985.00 | Bank of China |
| 9/4/2012 | $ 49,985.00 | Bank of China |
| 9/4/2012 | $ 49,985.00 | Bank of China |
| 9/4/2012 | $ 49,985.00 | Bank of China |
| 9/4/2012 | $ 49,985.00 | Bank of China |
| 9/4/2012 | $ 49,985.00 | Bank of China |
| 9/4/2012 | $ 49,985.00 | Bank of China |
| 9/4/2012 | $ 49,985.00 | Bank of China |
| 9/4/2012 | $ 49,985.00 | Bank of China |
| 9/4/2012 | $ 49,985.00 | Bank of China |
| 9/4/2012 | $ 49,985.00 | Bank of China |
| 9/4/2012 | $ 49,985.00 | Bank of China |
| 9/4/2012 | $ 49,985.00 | Bank of China |
| 9/4/2012 | $ 49,985.00 | Bank of China |

| Date of Transfer | Amount of Wire Transfer | Originating Bank |
|---|---|---|
| 9/4/2012 | $ 49,985.00 | Bank of China |
| 9/5/2012 | $ 49,985.00 | Bank of China |
| 9/5/2012 | $ 49,985.00 | Bank of China |
| 9/5/2012 | $ 49,985.00 | Bank of China |
| 9/5/2012 | $ 49,985.00 | Bank of China |
| 9/5/2012 | $ 49,985.00 | Bank of China |
| 9/6/2012 | $ 290,966.09 | Bank of China |
| **Total** | **$ 2,490,422.18** | |

   g. On December 2, 2011, ALICE NGUYEN opened the ALICE NGUYEN Scottrade Account.

   h. The conspirators were responsible for at least 17 transfers totaling $1,890,886.72 from the ALICE NGUYEN Wells Fargo Account to the ALICE NGUYEN Scottrade Account.

| Date of Transfer from ALICE NGUYEN Wells Fargo Account to ALICE NGUYEN Scottrade Account | Amount of Transfer |
|---|---|
| 7/7/2012 | $ 100,000 |
| 7/8/2012 | $ 100,000 |
| 7/30/2012 | $ 100,000 |
| 8/14/2012 | $ 100,000 |
| 8/20/2012 | $ 100,000 |
| 9/10/2012 | $ 100,000 |
| 9/11/2012 | $ 100,000 |
| 9/19/2012 | $ 100,000 |
| 9/22/2012 | $ 100,000 |
| 10/10/2012 | $ 100,000 |
| 10/22/2012 | $ 100,000 |
| 10/23/2012 | $ 100,000 |
| 10/31/2012 | $ 100,000 |
| 11/1/2012 | $ 100,000 |
| 11/9/2012 | $ 100,000 |
| 11/21/2012 | $ 100,000 |
| 11/25/2012 | $ 100,000 |
| 12/18/2012 | $ 100,000 |

| Date of Transfer from ALICE NGUYEN Wells Fargo Account to ALICE NGUYEN Scottrade Account | Amount of Transfer |
|---|---|
| 12/19/2012 | $ 100,000 |

    i. On September 14, 2012, defendant BINH VO opened the BINH VO Scottrade Account.  The account was opened with $100,000 from the ALICE NGUYEN Wells Fargo Account.   Between September 14, 2012, and December 18, 2012, 12 transfers, totaling $1,200,000.00 were made from the ALICE NGUYEN Wells Fargo Account to the BINH VO Scottrade Account, as indicated below:

| Date of Transfer | Amount of Transfer |
|---|---|
| 9/14/2012 | $ 100,000 |
| 9/19/2012 | $ 100,000 |
| 9/22/2012 | $ 100,000 |
| 10/10/2012 | $ 100,000 |
| 10/22/2012 | $ 100,000 |
| 10/23/2012 | $ 100,000 |
| 10/31/2012 | $ 100,000 |
| 11/1/2012 | $ 100,000 |
| 11/9/2012 | $ 100,000 |
| 12/21/2012 | $ 100,000 |
| 11/25/2012 | $ 100,000 |
| 12/18/2012 | $ 100,000 |

(**Conspiracy to Launder Monetary Instruments** in violation of Title 18, United States Code, Section 1956(h)).

### FORFEITURE ALLEGATIONS

    1. Upon conviction of the offense alleged in Count One of this Information, defendant BINH VO shall forfeit to the United States any property, real or personal, which constitutes or is derived from or is traceable to the proceeds obtained directly or indirectly from

25

the commission of the offense, and any property, real or personal, which was used to facilitate the commission of the offense, or was intended to be used to facilitate the offense, pursuant to 18 U.S.C. Section 982(a)(6), and any property, real or personal, which constitutes or is derived from proceeds traceable to the offense, pursuant to 18 U.S.C. Section 981(a)(1)(C) and 28 U.S.C. Section 2461(c).  The property subject to forfeiture includes:

- Any and all funds and securities seized from Scottrade account #58490015, held in the name of ANHDAO THUY NGUYEN; and

- $198,199.13 seized from the Department of Treasury, which was held in the Treasury Suspense Account under Seizure Number 38130010-01.

The United States will seek a forfeiture money judgment against the defendant in the amount of at least $9,780,000.

2.      Upon conviction of any of the offenses alleged in Count Two through Count Fourteen of this Information, defendant BINH VO shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to the offense, pursuant to 18 U.S.C. Section 981(a)(1)(C) and 28 U.S.C. Section 2461(c).  The United States will seek a forfeiture money judgment against the defendant equal to the value of any property, real or personal, which constitutes or is derived from proceeds traceable to this offense.

3.      Upon conviction of any of the offenses alleged in Count Fifteen through Count Twenty-Seven of this Information, defendant BINH VO shall forfeit to the United States  any property, real or personal, which constitutes or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offense, and any property, real or personal, which was used to facilitate the commission of the offense, or was intended to be used

26

to facilitate the offense, pursuant to 18 U.S.C. Section 982(a)(6).  The United States will seek a forfeiture money judgment against the defendant equal to the value of any property, real or personal, which constitutes or is derived from proceeds traceable to this offense.

4.      Upon conviction of the offense alleged in Count Twenty-Eight of this Information, defendant BINH VO shall forfeit to the United States any property, real or personal, traceable to this offense, or any property traceable to such property, pursuant to 18 U.S.C. Section 982(a)(1).  The property subject to forfeiture includes:

- Any and all funds and securities seized from Scottrade account #58490015, held in the name of ANHDAO THUY NGUYEN; and

- $198,199.13 seized from the Department of Treasury, which was held in the Treasury Suspense Account under Seizure Number 38130010-01.

The United States will seek a forfeiture money judgment against the defendant in the amount of at least $9,780,000.

5.      If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

a.      cannot be located upon the exercise of due diligence;

b.      has been transferred or sold to, or deposited with, a third party;

c.      has been placed beyond the jurisdiction of the Court;

d.      has been substantially diminished in value; or

e.      has been commingled with other property that cannot be divided without difficulty;

27

the defendant shall forfeit to the United States any other property of the defendant, up to the

value of the property described above, pursuant to 21 U.S.C. Section 853(p).

(**Criminal Forfeiture,** pursuant to Title 18, United States Code, Sections 982(a)(6), 982(a)(1)(c),
Title 21, United States Code, Section 853(p), Title 28, United States Code, Section 2461(c))

Respectfully submitted,

RONALD C. MACHEN
UNITED STATES ATTORNEY
D.C. BAR NUMBER  447-889

By:      _____

Brenda J. Johnson
Alessio Evangelista
Assistant United States Attorneys
National Security Section
Catherine K. Connelly, Deputy Chief
Asset Forfeiture and Money
Laundering Section

28