UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA**

v.

**BINH TANG VO,**

Defendant.

Criminal No. 13-168-2 (JDB)

## MEMORANDUM OPINION & ORDER

Before the Court is [163] the government's motion to take the deposition of Truc Thanh Huynh, one of defendant Binh Vo's co-defendants. Vo and Huynh both oppose the motion. Upon consideration of the government's motion, the extensive briefing submitted by all involved parties, the hearing held on June 19, 2014, and the entire record herein, and for the reasons described below, the Court will grant the motion and order the deposition.

## BACKGROUND

This case involves a criminal conspiracy to commit visa fraud. Several of Binh Vo's co-defendants have already pleaded guilty and have been sentenced by the Court, and one of them is about to finish her sentence. Because that co-defendant, Truc Thanh Huynh, is a Vietnamese national with no legal status in this country, she will be removed to Vietnam soon after she is released in early July 2014. This presents a problem for the government: it seeks to introduce her testimony at Binh Vo's trial, which is currently scheduled for mid-September 2014. Hence, the government filed a motion to take Huynh's deposition, which she and Vo oppose.

## DISCUSSION

In criminal cases, depositions may be taken only "to preserve testimony for trial" and "because of exceptional circumstances and in the interest of justice." Fed. R. Crim. P. 15(a)(1).

1

Here, the government bears the burden of showing that "exceptional circumstances" require the preservation of Huynh's testimony through a deposition. See United States v. Kelley, 36 F.3d 1118, 1124-25 (D.C. Cir. 1994). "The decision to grant or deny a motion to take a deposition rests within the sound discretion of the trial court." United States v. Johnpoll, 739 F.2d 702, 708 (2d Cir. 1984) (citation omitted). The government here must show (1) that Huynh will be unavailable to testify at trial, and (2) that her testimony would be material. Kelley, 36 F.3d at 1125.[1] The Court addresses each requirement in turn.

### a. Unavailability

The government argues that Huynh will be unavailable to testify at trial. "Unavailability [in the Rule 15(a)(1) context] is defined by reference to Federal Rule of Evidence 804(a), which provides, in relevant part, that a witness is unavailable if he or she is 'absent from the hearing and the proponent of a statement has been unable to procure the declarant's attendance . . . by process or other reasonable means.'" United States v. Straker, 567 F. Supp. 2d 174, 180 (D.D.C. 2008) (quoting United States v. Aguilar-Tamayo, 300 F.3d 562, 565 (5th Cir. 2002)). Courts do not require a very strong showing of unavailability. See United States v. Mann, 590 F.2d 361, 366 (1st Cir. 1978) ("When the question is close a court may allow a deposition in order to preserve a witness' testimony, leaving until trial the question of whether the deposition will be admitted as evidence."); accord United States v. Drogoul, 1 F.3d 1546, 1555 (11th Cir. 1993) ("It would be unreasonable and undesirable to require the government to assert with certainty that a witness will be unavailable for trial months ahead of time, simply to obtain authorization to take

---

[1] Courts usually also require that <u>defendants</u> moving for depositions show that the testimony to be elicited will exculpate the defendant; here, even if a similar showing that the testimony will be inculpatory is required, the government has met its burden. See Kelley, 36 F.3d at 1125 (citing, inter alia, Guam v. Ngirangas, 806 F.2d 895, 897 (9th Cir. 1986)). The government wants Huynh to testify about her role and Binh Vo's role in the visa fraud conspiracy, including Huynh's private communications with Vo about the conspiracy and about the specifics of money transfers from visa applicants to Vo. That evidence would be inculpatory.

his deposition."); United States v. Salim, 855 F.2d 944, 952 (2d Cir. 1988). Rather, a prospective deponent will be unavailable for the purpose of Rule 15(a) if "a substantial likelihood exists that [he or she] will not testify at trial."[2] Drogoul, 1 F.3d at 1553.

Here, Binh Vo's trial is currently set for September 16, 2014. The government projects that Huynh is scheduled to be released from the Bureau of Prisons' custody on July 4, 2014. See Gov't's Reply [ECF No. 168] ("Gov't's Reply") at 2. The Department of Homeland Security filed a detainer back in 2013 that will result in Huynh's administrative detention once she is released from BOP's custody. Id. Based on Huynh's counsel's arguments at sentencing, her briefs, and her counsel's representations at the motion hearing, she will not be contesting her removal. As a result, "she could be removed shortly after her release." Id. Once she is returned to Vietnam, she will be beyond this Court's process, see, e.g., Drogoul, 1 F.3d at 1553, and even if she wanted to testify voluntarily, she likely would have trouble re-entering the United States to do so because of her conviction. This substantial uncertainty surrounding Huynh's availability at trial is sufficient under Rule 15(a)(1), particularly because the Court need not rule until trial that any portion of her deposition is actually admissible at trial. See id. Hence, the Court finds that the government has met its burden to show that Huynh will be unavailable at trial.

 **b.** **Materiality**

In assessing whether testimony is material for Rule 15(a)(1) purposes, courts have used the standards developed for applying and interpreting Brady v. Maryland, 373 U.S. 83 (1963). See United States v. Sanford, Ltd., 860 F. Supp. 2d 1, 4-5 (D.D.C. 2012). "[E]vidence is 'material' within the meaning of Brady when there is a reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been different." Smith v. Cain,

---

[2] Of course, if Huynh is in fact available to testify at trial, the deposition likely will not be admissible: to admit the deposition, the government will have to establish her unavailability at the time of trial. See Fed. R. Evid. 804(b)(1).

132 S. Ct. 627, 630 (2012) (quoting Cone v. Bell, 556 U.S. 449, 469-70, (2009)). And "the evidence or testimony must . . . not [be] corroborative or cumulative of other evidence." United States v. Jefferson, 594 F. Supp. 2d 655, 667 (E.D. Va. 2009). "A reasonable probability does not mean that the defendant would more likely than not have received a different verdict with the evidence, only that the likelihood of a different result is great enough to undermine confidence in the outcome of the trial." Smith, 132 S. Ct. at 630 (internal quotation marks, alterations, and citations omitted). So the witness need not provide totally unique testimony; nor does she need to be a "critical" witness.

The Court finds that the government has met its materiality burden here. This case is similar to United States v. Cooper, 947 F. Supp. 2d 108, 112 (D.D.C. 2013). There, in ruling on the defense's objections to a prior order granting the government's motion for depositions, the court noted that victims of alleged fraud and participants in relevant communications with the defendant were "likely to provide testimony that is highly material." Id. at 113 n.2. Here, Huynh was a co-conspirator with intimate knowledge of the scheme. She received biographical information and photographs for visa "customers" and used that information to prepare fraudulent visa applications. She also had many relevant communications with Vo, including interactions involving only the two of them. The government has proffered that only Huynh can testify to certain aspects of the conspiracy, such as her role in gathering information for the fraudulent visa applications, purportedly at Vo's direction; purportedly, she can also testify that she handed bags of money (proceeds from the conspiracy) directly to Vo. She is thus likely to provide testimony that is material to Vo's guilt.

Moreover, this evidence would not be cumulative. See Jefferson, 594 F. Supp. 2d at 667 ("the evidence or testimony must . . . not [be] corroborative or cumulative of other evidence").

Although evidence certainly may be so cumulative that it is not material, the government contends that Huynh will testify to matters that are not at all cumulative. Gov't's Reply at 6 (Huynh can testify to "numerous private communications with Mr. Vo concerning aspects of the conspiracy, and she is the only person who can provide specific detailed information regarding the transfer of money from some of the visa applicants to Defendant Vo."). Because only Huynh can testify to these matters, the government has sufficiently shown that at least some of her testimony would not be cumulative—and any cumulative evidence can be filtered out at trial. Hence, the Court finds that Huynh's testimony would be sufficiently material under Rule 15(a)(1).

    c.    **Countervailing Considerations**

In addition to the "exceptional circumstances" requirement, Rule 15(a)(1) permits depositions only "in the interest of justice." Fed. R. Crim. P. 15(a)(1). Some courts have read this to mean that courts should consider countervailing considerations. See, e.g., United States v. Aggarwal, 17 F.3d 737, 742 (5th Cir. 1994) (considering untimeliness of request); Drogoul, 1 F.3d at 1554 (11th Cir. 1993). The D.C. Circuit has not addressed the issue. But the similarity of the standard ("in the interest of justice") to tests found elsewhere in the Federal Rules suggests that balancing countervailing considerations is appropriate. See, e.g., Fed. R. Civ. P. 15(a)(2) (courts should grant leave to amend pleadings "when justice so requires"). In any event, the government conceded at the motion hearing that the Court should consider countervailing considerations. Huynh and Vo assert a few.

Huynh argues that ordering the deposition would work an injustice to her in two ways. First, she contends that because the government had the opportunity to voluntarily secure her testimony for trial before she pleaded guilty, moving to depose her after her sentence has nearly

5

been completed unfairly deprives her of any benefit for her testimony. The government vigorously contests this point, arguing that she passed up several opportunities to cooperate. At this Court's request, the parties submitted email correspondence from the plea negotiations. See Notice of Filing [ECF No. 172]. Upon careful review of that correspondence, the Court concludes that ordering the deposition would not unfairly deprive Huynh of a benefit for her testimony. She rejected several opportunities to testify before she pleaded guilty, even though her counsel expressed concern that this precise situation (being held in the United States after completion of her sentence in order to secure her testimony) might arise. See, e.g., Email from Robert Spelke to Christopher Kavanaugh, Oct. 1, 2013, at 1:16 PM [ECF No. 172] at 16 ("Ms. Huynh does not want to cooperate [or] testify at trial," . . . "I do not want to have my client held in the United States after serving her sentence as a 'material witness' or testify against her will without benefit while serving her sentence."). The government reasonably responded that "[i]f [Huynh] would like to receive a benefit for testimony or offering to testify, the only way that can occur is if she enters into a cooperation agreement." Email from Christopher Kavanaugh to Robert Spelke, Oct. 1, 2013, at 3:00 PM [ECF No. 172] at 16. Because she did not do so, she understandably finds herself in the position of being compelled to testify without any benefit.

Second, Huynh contends that because the government waited until her sentence was almost completed to file the motion, her return to Vietnam will be delayed, and she may have to remain in detention longer than she otherwise would. As discussed above, Huynh could be removed from the country shortly after she is released on July 4, 2014, because she likely will not contest her removal. Based on representations made by the parties, it is the Court's understanding that removal proceedings typically last about thirty days for a person in Huynh's particular circumstances. If the Court grants the motion, then, and orders the deposition to be

taken on August 11, 2014, Huynh is not likely to be detained long past the date on which she would have otherwise been removed—and it is possible removal proceedings could take longer than thirty days, meaning no "extra" detention at all. Hence, neither argument Huynh raises about the timeline of this case weighs heavily against ordering the deposition.

Huynh next argues that because the Fifth Amendment guarantees her right against self-incrimination, she cannot be compelled to testify. Stated another way, she argues that because she intends to assert her right against self-incrimination, any deposition would produce only inadmissible testimony—or none at all. Because ordering the deposition might keep Huynh in the United States for longer than otherwise necessary, the fact that the deposition would ultimately be fruitless would weigh against ordering it.

The parties did not brief the threshold issue of whether Huynh, as a non-resident alien, has a right against self-incrimination under the Fifth Amendment.[3] They did, at the Court's request, brief whether she could assert that right in these circumstances. The Court need not decide either issue, however, because the Court has granted an immunity order. Whether Huynh can exercise a privilege under the Fifth Amendment against testifying in this case depends on whether she can show "a fear of prosecution, which is more than fanciful or merely speculative." In re Corrugated Container Antitrust Litig., 662 F.2d 875, 883 (D.C. Cir. 1981). She must show

---

[3] Few courts have addressed that issue—although many note that resident aliens are protected, see, e.g., United States v. Balsys, 524 U.S. 666, 671 (1998)—but the courts to have done so reason as follows. A Fifth Amendment violation occurs at the moment the compelled, self-incriminating statement is introduced at trial, see United States v. Bin Laden, 132 F. Supp. 2d 168, 182-84 (S.D.N.Y. 2001) (quoting United States v. Verdugo-Urquidez, 494 U.S. 259, 264 (1990)), and thus several courts have described the Fifth Amendment right at issue as a "fundamental trial right," Bin Laden, 132 F. Supp. 2d at 184; see also In re Terrorist Bombings of U.S. Embassies in E. Africa, 552 F.3d 177, 198 (2d Cir. 2008) (admissibility at trial of statements made to U.S. agents by foreign nationals held in foreign custody governed by Fifth Amendment). Because it is a fundamental trial right, then, even non-resident aliens are entitled to Fifth Amendment protections such as a privilege against self-incrimination. Indeed, in a case previously before this very Court, the government conceded the applicability of the Fifth Amendment to foreign questioning of non-resident aliens facing criminal trials in the United States. See United States v. Suchit, 480 F. Supp. 2d 39, 52 n.21 (D.D.C. 2007).

only a possibility, not a likelihood, of prosecution based on her testimony. Id. at 884-85. If she cannot, she may be compelled to testify. Id. at 882.

Because of this issue, the government sought and received approval to move for a conditional immunity order under 18 USC § 6001 et seq., and so moved. The Court granted that motion, and as a result, even if Huynh validly asserts a Fifth Amendment privilege, she will be granted immunity and compelled to testify. See In re Application For Immunity Order For Truc Thanh Huynh, No. 14-mc-660 (D.D.C. 2014) [ECF No. 5] ("Conditional Immunity Order"). The Court's conditional immunity order provides that if Huynh refuses to testify or provide other information based on her privilege against self-incrimination, she will be compelled to do so, and neither her testimony nor any other information she provides may be used against her in any criminal case, except a prosecution for perjury, giving a false statement, or otherwise failing to comply with the order. See Conditional Immunity Order at 2. In other words, the order precludes any federal prosecution based on truthful testimony she would give relating to this case.[4] As a result, "the answers which [Huynh] might give to the questions asked [during the deposition] could not be incriminating within the meaning of the [F]ifth [A]mendment." Corrugated Container, 662 F.2d at 882 (citing Zicarelli v. N.J. State Comm'n of Investig., 406 U.S. 472 (1972)). Hence, Huynh's right against self-incrimination, which will be rendered irrelevant by the immunity order, does not weigh against ordering the deposition.

---

[4] As Huynh rightly points out, her plea agreement binds only the Criminal Division of the U.S. Attorney's Office for the District of Columbia. And because venue may lie in several other districts (as discussed in this Court's previous opinion, see United States v. Vo, 978 F. Supp. 2d 49, 59-65 (D.D.C. 2013)), the statute of limitations has not run, and jeopardy has not attached, see Serfass v. United States, 420 U.S. 377, 388 (1975), the charges that were dismissed as part of her plea agreement could be brought in other federal districts absent the immunity order.

Her stated fear of foreign prosecution does not trigger Fifth Amendment protections. See United States v. Balsys, 524 U.S. 666, 669 (1998) ("concern with foreign prosecution is beyond the scope of the Self-Incrimination Clause").

In addition, her fear of state prosecution is both fanciful and speculative: her criminal conduct took place entirely abroad, precluding state prosecution for jurisdictional reasons.

In sum, the Court finds that Huynh will be unavailable to testify at trial and that her testimony would be material. The Court also finds that, in light of the conditional immunity order issued by this Court, none of the countervailing considerations raised by Huynh and Vo weigh against ordering the deposition. The Court will therefore order that the deposition take place in this courthouse, and the Court will be available[5] to resolve any disputes that should arise—although counsel are instructed to attempt in good faith to resolve any disputes before bringing them to the attention of the Court.

### d. Next Steps

That leaves the issue of how to proceed, considering that Huynh is set to be released on July 4, 2014, and transferred to the Department of Homeland Security, Immigration and Customs Enforcement ("ICE") custody. Vo and Huynh requested that the Court order the government to request a "Deferred Action" on Huynh's behalf. A Deferred Action is "an act of administrative convenience to the government which gives some cases lower priority"—in other words, ICE has the discretion to hold off on pursuing removal for various reasons, among them a law enforcement request to keep an alien in the country so that she may testify. 8 C.F.R. § 274a.12(c)(14). The government points out, correctly, that Deferred Actions are discretionary decisions made by ICE. See Reno v. Am.-Arab Anti-Discrimination Comm., 525 U.S. 471, 484-85 (1999). Ordering the government to request one, therefore, would accomplish little; ordering ICE to grant one would accomplish even less. Moreover, the government represents that it agrees to request a Deferred Action on Huynh's behalf. An ICE official, not this Court, would decide whether to grant the request.

---

[5] Because the government has not shown good cause why this Court should grant its request and preside over the deposition, the Court will not do so.

9

But it is far from clear that pursuing a Deferred Action is in the interests of justice. If ICE were to grant Huynh a Deferred Action, her removal proceedings would not even <u>begin</u> until after her deposition, meaning that in all likelihood she would still be in the country during Vo's trial in September. The better course is for ICE to begin removal proceedings, subject only to a bench warrant from this Court acting as a detainer (to expire once her deposition is complete), in the hope that Huynh can return to Vietnam shortly after her deposition is taken. Accordingly, it is hereby

**ORDERED** that [163] the government's motion to take Truc Thanh Huynh's deposition is **GRANTED**; it is further

**ORDERED** that a deposition of Truc Thanh Huynh shall be held in Courtroom 30 at 9:00 a.m. on August 11, 2014; and it is further

**ORDERED** that a bench warrant shall be issued to act as a detainer to ensure that Truc Thanh Huynh is not removed from the United States before the deposition takes place; and it is further

**ORDERED** that a status conference in this case is set for 9:00 a.m. on July 3, 2014.

**SO ORDERED.**

/s/
JOHN D. BATES
United States District Judge

Dated: <u>July 1, 2014</u>